CHARLES A. WINTER, EXECUTOR OF THE LAST WILL AND TESTAMENT OF MARY WINTER, DECEASED, v. JAMES H. TIPPETT AND HENRIETTA W. TIPPETT, HIS WIFE.

Decided June 24, 1935.

Before Joseph L. Smith, C. C. J.

For the plaintiff, *Seymour & Seymour* (*Arthur B. Seymour*).

For the defendants, *Edward R. McGlynn* (*Joseph Weintraub*).

Joseph L. Smith, C. C. J. Trial by jury is waived, and the case is submitted to the court on an agreed statement of facts. The suit is one to recover a deficiency on a bond after foreclosure of the accompanying mortgage. The bond and mortgage were executed on September 7th, 1927. A sale was held under the foreclosure on October 31st, 1933, and on April 4th, 1934, this suit was instituted. There is only a question of law involved as to whether the act of 1933 (*Pamph. L., p.* 172; *N. J. Stat. Annual* 1933, *p.* 244, § 134-48), requiring actions for deficiencies on bonds after foreclosure of mortgage to be instituted within three months of the date of the sheriff's sale, affects this action.

This suit was brought more than three months but less than six months of the date of the sheriff's sale in the foreclosure proceeding.

I do not think there can be any serious argument on the legal question as to whether or not the reduction of the period

from six months to three months is unconstitutional. This provision has been held to be constitutional in several reported cases. *Union County Building and Loan Association* v. *Weltchek,* 12 *N. J. Mis. R.* 847; *Wootton* v. *Pollock,* 116 *N. J. Eq.* 490; *Marston* v. *Seabury (Supreme Court,* 1808), 3 *N. J. L.* 28, \*435; *Warshung* v. *Hunt (Supreme Court,* 1885), 47 *N. J. L.* 256; *(Court of Errors and Appeals,* 1886), 48 *Id.* 613; *Barnaby* v. *Bradley & Currier Co. (Court of Errors and Appeals,* 1897), 60 *Id.* 158; *Rader* v. *Road District, &c. (Supreme Court,* 1873), 36 *Id.* 273.

The contention that the opinion in *Vanderbilt* v. *Brunton Piano Co.,* 111 *N. J. L.* 596, holding the fair market value provision in said act unconstitutional should render the entire act unconstitutional is baseless. It seems to me that that portion of the act which provides for the three months within which to bring an action is entirely independent of the provision with respect to the defense of the market value, and that they are not interdependent. That they are not dependent is conclusively shown by the fact that the first portion existed for many years past without the fair value provision, so that the Vanderbilt case, *supra,* holding the fair value provision unconstitutional, will not affect the balance of the statute; and, furthermore, the holding in the Vanderbilt case, *supra,* specifically confines itself to that provision of the statute. *Wootton* v. *Pollock, supra; Union County Building and Loan Association* v. *Weltchek, supra.* Therefore, I am constrained to hold that the provision of the statute before this court is constitutional and applicable to the facts before me.

The motion for the direction of a verdict in behalf of the plaintiff is denied; the motion for a verdict in behalf of the defendant is granted.

Plaintiff's counsel prays an exception to this ruling of the court.

Exception noted a ground of appeal.